**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JAKE MOSBY and                                                                                    PLAINTIFFS
FRANCES MARIE MOSBY

v.                                    Case No. 4:10CV00770 JLH

JOYCE WILLIAMS, Individually and
in her Official Capacity                                                                          DEFENDANT

**OPINION AND ORDER**

Jake and Frances Marie Mosby commenced this action against Joyce Williams, individually and in her official capacity as the Executive Director of the DeValls Bluff Housing Authority ("DVBHA"), for allegedly discriminating against the Mosbys on the basis of their race. In their complaint, the Mosbys allege violations of the Fair Housing Act ("FHA"), the Arkansas Civil Rights Act ("ACRA"), 42 U.S.C. § 1981, 42 U.S.C. § 1982, and the Arkansas Deceptive Trade Practices Act ("ADTPA"). They also assert a claim against Williams for tortious interference with the Mosbys' business expectancy. Williams has filed a motion to dismiss or, in the alternative, a motion for summary judgment. The Mosbys have responded to the motion and have requested discovery pursuant to Federal Rule of Civil Procedure 56(f). For the following reasons, Williams's motion to dismiss is granted in part and denied in part. Because no discovery has been conducted, the Mosby's Rule 56(f) motion is granted, and Williams's motion for summary judgment is denied without prejudice.

Williams, who is Caucasian, is the Executive Director of the DVBHA, an entity created by the City of DeValls Bluff, Arkansas, to administer the Section 8 Housing Assistance Program and issue Section 8 vouchers. The Section 8 Rental Voucher Program is funded by the United States Department of Housing and Urban Development and provides rental assistance to low-income

tenants. The Mosbys, who are African American, own Yopps Street Apartments in Hazen, Arkansas, and rent to tenants who participate in the Section 8 Program. On May 3, 2010, the Mosbys filed a complaint in this Court alleging that Williams refused to subsidize rent for any of the Mosbys' apartment units, routinely criticized the Mosbys' apartments, discouraged renters from renting from them, and steered prospective tenants away from their apartments. (Compl. ¶¶ 5-6, 22.) They also allege that "Defendant has routinely treated Caucasian[] applicant[s] better than African-American applicants, which has resulted in a loss of income for the Plaintiffs." (*Id.* ¶ 7.)

Williams contends that the Mosbys' claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, that the Court should grant summary judgment in favor of Williams. In support of her motion, Williams offers evidence outside of the pleadings. "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But when matters outside of the pleadings are presented to the court, a motion to dismiss is not converted into a motion for summary judgment where "[t]he district court's order makes clear that the judge ruled only on the motion to dismiss." *Skyberg v. United Food & Commercial Workers Int'l Union, AFL-CIO*, 5 F.3d 297, 302 n.2 (8th Cir. 1993); *see also Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002) (noting that "a district court does not convert a motion to dismiss into a motion for summary judgment when it does not rely upon an affidavit in dismissing a claim"). "A court has wide discretion in electing to consider matters outside the pleadings." *Skyberg*, 5 F.3d at 302 n.2.

**I.**

Williams raises a number of arguments for dismissing the Mosbys' claims against her. First, she alleges that any claims against Williams "in her official capacity" must be dismissed because the

complaint fails to mention the entity with which Williams is employed. "An official capacity suit is essentially one against the government entity of which the defendant is an official, and any damage award must be satisfied by the entity itself." *Hadi v. Horn*, 830 F.2d 779, 783 (7th Cir. 1987). In other words, an official capacity suit is to be treated as a suit against the entity with which the official is employed. *Brittany B. v. Martinez*, 494 F. Supp. 2d 534, 539 (W.D. Tex. 2007). Williams is employed with the DVBHA, which is a separate entity created by the City of DeValls Bluff. In Arkansas, "housing authorities are autonomous entities that have the power to act in every field related to their work independently of the cities." *Ark. La. Gas Co. v. City of Little Rock*, 256 Ark. 112, 114, 506 S.W.2d 555, 557 (1974). Thus, a claim against Williams in her official capacity in effect is a claim against the DVBHA. *See Jackson v. Housing Auth. of Helena*, No. 4:10CV00323, 2010 WL 2640372, at *1 (E.D. Ark. Jul. 1, 2010).

Williams also contends that the Mosbys lack standing to pursue their claims because they are not the intended beneficiaries of the Section 8 Voucher Program and are collaterally estopped from claiming a property interest in the program. Collateral estoppel, or issue preclusion, has five elements: "(1) the party sought to be precluded in the second suit must have been a party . . . to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment." *Olsen v. Mukasey*, 541 F.3d 827, 830-31 (8th Cir. 2008). In a Memorandum Opinion and Order entered October 29, 2007, the Honorable Susan Webber Wright determined in a prior proceeding between the Mosbys and the DVBHA that, "[t]o the extent plaintiffs' § 1983 claims depend on a property

right in participation in the Section 8 Program, those claims are dismissed." *Mosby v. DeValls Bluff Housing Authority*, No. 4:07CV00266 SWW, 2007 WL 3208031, at *14 (E.D. Ark. Oct. 29, 2007). Her determination of that issue was not, however, essential to the judgment; Judge Wright also determined that the DVBHA was entitled to summary judgment on the Mosbys' discrimination claims because "plaintiffs fail to submit evidence to raise a genuine issue of material fact as to the violation of their rights." *Id.* Since the Mosbys' § 1983 claim would have been dismissed even if the Mosbys had a property interest in the Section 8 Program, the determination that they had no property interest was not essential to the judgment, and the Mosbys are not estopped from alleging a property interest here. *See Minneapolis Cmty. Dev. Agency v. Buchanan*, 268 F.3d 562, 570 (8th Cir. 2001) (citing Restatement (Second) of Judgments § 27(h) (1982) ("If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues . . . is not precluded.")).

Even though the Mosbys are not estopped from alleging a property interest in the Section 8 Program, according to their brief, they "claim no property interest *per se*." (*See* Pls.' Br. in Resp. to Mot. to Dismiss at 6.) Rather, "they claim they have been damaged by discriminatory actions directed toward at least one African-American tenant, resulting in lost rent." (*Id.*) Williams contends that the Mosbys lack standing to assert claims on behalf of their tenants.[1] There are both constitutional and prudential limitations on standing, and "a plaintiff must demonstrate standing for each claim he seeks to press." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 335, 126 S. Ct. 1854, 1858, 164 L. Ed. 2d 589 (2006). Among the prudential limitations is the requirement that "a

---

[1]Standing is a threshold issue that courts are obligated to scrutinize. *Roberts v. Wamser*, 883 F.2d 617, 620 (8th Cir. 1989).

plaintiff's grievance must arguably fall within the zone of interests protected or regulated by the statutory provision or constitutional guarantee invoked in the suit." *Bennett v. Spear*, 520 U.S. 154, 162, 117 S. Ct. at 1154, 1161, 137 L. Ed. 2d 281 (1997). "By imposing prudential limits on standing, 'the judiciary seeks to avoid deciding questions of broad social import where no individual rights would be vindicated and to limit access to the federal courts to those litigants best suited to assert a particular claim.' " *Oti Kaga, Inc. v. S.D. Hous. Dev. Auth.*, 342 F.3d 871, 880 (8th Cir. 2003) (quoting *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99-100, 99 S. Ct. 1601, 1608, 60 L. Ed. 2d 66 (1979)).

Here, Williams contends that the Mosbys lack prudential standing under §§ 1981 and 1982.[2] "Prudential limitations on standing ordinarily require that an action under section 1981 or 1982 be brought by the direct victims of the alleged discrimination because they are best situated to assert the individual rights in question."[3] *Clifton Terrace Assocs. v. United Techs. Corp.*, 929 F.2d 714,

---

[2]The Mosbys do have standing to assert claims under the FHA because the Act "on its face contains no particular statutory restrictions on potential plaintiffs." *Gladstone Realtors*, 441 U.S. at103, 99 S. Ct. at 1609. Thus, "as long as the plaintiff suffers actual injury as a result of the defendant's conduct, he is permitted to prove that the rights of another were infringed." *Id.* at 103 n.9, 99 S. Ct. at 1609 n.9 (finding that a residential community had standing to challenge the legality of steering African Americans toward a particular area in the community and steering Caucasian home buyers away from that area if those actions robbed the community of its racial balance and stability). Here, the Mosbys have alleged an economic injury to themselves, satisfying the Article III requirement, and that is all that need be shown. *Mackey v. Nationwide Ins. Cos.*, 724 F.2d 419, 422-23 (4th Cir. 1984).

[3]Courts have made limited exceptions to this rule. *See Sullivan v. Little Hunting Park*, 396 U.S. 229, 237, 90 S. Ct. 400, 404, 24 L. Ed. 2d 386 (1969) (finding that a home owner had standing to sue a park that would not allow him to assign his membership in the park to an African-American tenant because the home owner had been "punished for trying to vindicate the rights of minorities protected by § 1982"); *Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 861 (9th Cir. 2005) (finding that prudential standing exists for nonprofit corporations to file actions based on injuries associated with their members); *Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1072 (10th Cir. 2002) (finding that a corporation had standing

721 (D.C. Cir. 1991) (finding that an owner of a low-income housing complex lacked standing to sue on behalf of its African-American residents under §§ 1981 and 1982 because residents were plainly identifiable and the identity of interests between the residents and landlord was not intimately close). *But see Jackson v. Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1540 n.14 (11th Cir. 1994) ("Although the limits of standing under § 1982 are unclear, this circuit has indicated a willingness to confer standing on a plaintiff under § 1982 who would normally fail to satisfy prudential limits on third party standing."). Except in limited cases, an individual seeking to assert the rights of a third party must have suffered an injury in fact, the individual must have a close relationship to the third party, and the third party must be hindered in some way from protecting his or her own interests. *Powers v. Ohio*, 499 U.S. 400, 410-11, 111 S. Ct. 1364, 1370-71, 113 L. Ed. 2d 411 (1991). A plaintiff who alleges third party standing " 'must show that some barrier or practical obstacle (e.g., third party is unidentifiable, lacks sufficient interest, or will suffer some sanction) prevents or deters the third party from asserting his or her own interest.' " *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (quoting *Benjamin v. Aroostook Med. Ctr., Inc.*, 57 F.3d 101, 106 (1st Cir. 1995)).

To the extent that the Mosbys raise § 1981 and § 1982 claims on behalf of their African-American tenants, they lack standing to do so.[4] Although the Mosbys allege an injury in fact (i.e.

---

to bring a discrimination action under §§ 1981 and 1982 when such discrimination was based on the race of one of its employees).

[4]Nor can the Mosbys raise claims on behalf of their African-American tenants under ACRA. *See* Ark. Code Ann. § 16-123-105(c) (2010) ("When construing this section, a court may look for guidance to state and federal decisions interpreting [§ 1983] which decisions and act shall have persuasive authority only."); *N.D. Family Alliance, Inc. v. Bader*, 361 F. Supp. 2d 1021, 1032 (D.N.D. 2005) (finding that § 1983 requires that both constitutional and prudential standing requirements be met for a plaintiff to proceed on his claim); 13B Charles A. Wright,

lost rents), they fail to show that they have any sort of special relationship with their tenants that would make it appropriate for them to sue Williams on their tenants' behalf. Nor have they established that their African-American tenants, who are readily identifiable, are hindered from protecting their own interests under the law. If Williams discriminated against Mosbys' tenants because of their race by processing their Section 8 Program applications in an untimely manner or by giving them less financial aid than their Caucasian counterparts, then the tenants are in the best position to pursue those claims against Williams. Thus, the Mosbys lack standing to pursue any civil rights claims on behalf of their tenants. They do have standing, however, to pursue those claims in which they allege that Williams discriminated against them personally.

Williams also contends that the Mosbys have failed to state any claims upon which relief may be granted. Specifically, Williams alleges that several of the Mosbys' allegations are untrue, that no dates are provided for the alleged occurrences, and that no supporting facts are provided for their assertions. In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the

---

Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3573.1, at 198 (3d ed. 1998) (stating that standing in § 1983 cases turns on the general rules of standing and not on any peculiarity of § 1983).

claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)).

The facts generally alleged in the Mosbys' complaint and the attached exhibits are sufficient to state claims of race discrimination and tortious interference as well as violations of the FHA and ADTPA.[5] Pursuant to Federal Rule of Civil Procedure 10(c), "[a] copy of any written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." The Eighth Circuit Court of Appeals has said that it considers "any exhibits filed along with the . . . complaint to be part of the complaint." *EMS, Inc. v. St. Paul Mercury Ins. Co.*, 495 F.3d 999, 1006 n.4 (8th Cir. 2007); *see Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010) (considering four exhibits attached to the complaint on a 12(b)(6) motion); *Pratt v. Corrs. Corp. of Am.*, 124 F. App'x 465, 466 (8th Cir. 2005) ("Initially, we note the district court was required to consider the allegations not only in [the] pro se complaint, but also in . . . the attachments to th[e] pleadings."); *McConnell v. U.S. Gov't*, No. 09-1273, 2010 WL 3548480, at *2 (D. Minn. Apr. 19, 2010) ("Therefore, documents attached to the complaint may be reviewed on a motion to dismiss, since they are part of the pleading."). In their complaint, the Mosbys allege that Williams steered tenants away from their apartment complex by routinely criticizing the Mosbys' apartments and discouraging potential tenants from renting from them. They also allege that Williams encouraged one of the Mosbys' tenants to move by offering her more money if she would do so. According to the complaint, Williams treats apartments owned by Caucasians more favorably than apartments owned by the

---

[5]The ADTPA makes it unlawful to make false representations or disparage "the goods, services, or business of another by false or misleading representation of fact" and creates a cause of action for any person "who suffers actual damage or injury as a result." Ark. Code Ann. § 4-88-107(a), -113(f). The FHA makes it unlawful "[t]o represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available." 42 U.S.C. § 3604(d) (2010).

Mosbys and refuses to send tenants to the Mosbys' apartment complex despite vacancies there. In addition to their complaint, the Mosbys offer two exhibits in which they allege that Williams delayed giving a Section 8 voucher to an African-American tenant at Yopps Street Apartments but did not delay giving a voucher to a Caucasian tenant. The exhibits also suggest that Williams intentionally gave the African-American tenant a voucher that was not substantial enough for her to continue living at Yopps Street Apartments. However inartfully pled, these basic allegations state claims for relief under the FHA, ADTPA, ACRA, 42 U.S.C. § 1981, 42 U.S.C. § 1982, and a claim for tortious interference.

## II.

The Mosbys have filed a Rule 56(f) motion seeking adequate time for discovery before the Court rules on Williams's summary judgment motion.

> As a general rule, summary judgment is proper "only after the nonmovant has had adequate time for discovery." *In re TMJ Litigation,* 113 F.3d [1484, 1490 (8th Cir. 1997)]; *see also Palmer v. Tracor, Inc.,* 856 F.2d 1131 (8th Cir.1988). Nonmovants may request a continuance under Rule 56(f) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "If a party opposing a summary judgment motion does not seek shelter under Rule 56(f) or otherwise ask for a continuance, a District Court generally does not abuse its discretion in granting summary judgment. . . ." *In re TMJ Litigation,* 113 F.3d at 1490. Discovery is not necessary in every situation; for example, when a complaint is facially time-barred, *Humphreys v. Roche Biomedical Labs., Inc.* 990 F.2d 1078, 1081 (8th Cir.1993), or when the nonmovant merely seeks to fish for a constitutional violation, *Duffy v. Wolle,* 123 F.3d 1026 (8th Cir.1997).

*Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999); *see also* Fed. R. Civ. P. 56(f) ("If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance

9

. . . ; or (3) issue any other just order."); *Humphreys v. Roche Biomedical Labs., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993) (noting that Rule 56(f) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious."). "A party invoking [Rule 56(f)'s] protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required . . . and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005) (quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)).

Here, no discovery has been conducted. Williams has filed a motion asking the Court to deem her statement of undisputed facts to be admitted, but the Mosbys responded to many of the factual statements therein by denying them for lack of knowledge. At least some of those denials for lack of knowledge relate to issues of material fact. The Mosbys' lawyer has submitted an affidavit pursuant to Rule 56(f) stating that he has requested the opportunity to depose Williams but that his request has been refused. (Pls.' Rule 56(f) Mot. and Resp. ¶ 3.) He has explained that some discovery is needed to ascertain whether Williams administers the Section 8 Voucher Program in a discriminatory manner. Because no discovery has been conducted, that assertion appears to be well taken.

## CONCLUSION

For the reasons stated above, the plaintiffs' Rule 56(f) motion is GRANTED, and the defendant's motion for summary judgment and motion for an order declaring her fact statement as admitted are DENIED without prejudice. To the extent that the Mosbys allege race discrimination

(*i.e.*, § 1981, § 1982, or ACRA) claims on behalf of any past or current tenants, those claims are DISMISSED.

IT IS SO ORDERED this 1st day of October, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT COURT